UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL W. WITHERS**  DOC #292464 | : | CIVIL ACTION NO. 14-2301  SECTION P |
| **VERSUS** | : | JUDGE MINALDI |
| **WARDEN, AVOYELLES MARKSVILLE DETENTION CENTER** | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is the petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Michael W. Withers (hereinafter "Withers"). Withers is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

**I.**
**BACKGROUND**

The pleadings and exhibits tendered by Withers with his original *habeas* petition were insufficient to establish whether the petition should survive initial review; accordingly, we ordered him to amend his petition to provide the documentation needed to establish, among other things, the dates on which he filed pleadings on direct and post-conviction review. Doc. 5. Withers responded to the amend order, providing some of the requested information and documentation. Doc. 12. The new documentation was incorporated into the court's chronology of events relevant to this matter.

Withers was convicted in a jury trial in the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana, of second degree murder.  Doc. 6, p. 1.  He was sentenced on December 17, 1999, to life imprisonment without probation, parole, or suspension of sentence.  Doc. 12, att. 1, p. 6.

On April 30, 2000, Withers' attorney appealed his sentence and conviction to the Third Circuit Court of Appeal. Doc. 12, att. 1, p. 1-10.  Therein, he raised two assignments of error:  (1) that the verdict was not responsive to the amended bill of indictment; and (2) that the absence of Withers during the hearing on the motion for discovery and inspection constituted error in the absence of a waiver of his presence.  *Id.* at 7.  On December 27, 2000, the court affirmed the conviction and sentence.  *Id.* at 11-16.  In its written opinion, the Third Circuit noted that as to assignment of error number one, a supplemental record filed on August 23, 2000, contained an amended criminal jurisdictional index correctly listing Withers' conviction of second degree murder.  *Id.* at 13.

Withers sought further review with the Louisiana Supreme Court, but did not provide the date that he filed his petition. The Louisiana Supreme Court denied relief on January 4, 2002.  *State v. Withers*, 805 So.2d 1193 (La. 2002).  He did not seek further review in the United States Supreme Court. Doc. 6, p. 3.

Withers alleges that he filed an application for post-conviction relief (hereinafter "PCR") in the Fourteenth Judicial District Court on August 16, 2002.  Doc. 12, att. 1, p. 64.  Although requested by this court, Withers did not provide a copy of his PCR nor documentation showing the filing date.  Nevertheless, he contends that his PCR addressed his ineffective assistance of counsel claim.  Doc. 6, p. 3. Withers also contends that he fully exhausted the claim.  *Id.*  However,

Withers did not provide nor does there appear to be a Louisiana Supreme Court ruling pertaining to his PCR.

The documentation does show that the Fourteenth Judicial District Court had a PCR hearing on January 15, 2004, wherein it considered Withers' claims that his counsel was ineffective and that counsel should have hired a psychologist to examine him. Doc. 12, att. 1, p. 57. The court denied the application, finding that his claims were without merit. *Id.* The judgment was signed on January 21, 2004. *Id.* Thereafter, the documentation shows that on April 30, 2004, and on August 31, 2004, the Third Circuit Court of Appeal denied Withers' writ application(s) as deficient. *Id*. at 59, 60. Withers apparently filed another writ application with the Third Circuit Court of Appeal on October 28, 2004. *Id*. at 61. On January 3, 2005, the court found that the trial court's ruling on post-conviction relief did not indicate whether it had considered Withers' claims of ineffective assistance of counsel for failing to raise an intoxication defense. *Id.* Thus, the Third Circuit Court of Appeal granted the writ, in part, and remanded the matter to the trial court for a determination of that issue. *Id.* In all other respects, the application was denied. *Id.*

On December 29, 2005, the Fourteenth Judicial District Court held an evidentiary hearing on Withers' PCR as ordered by the Third Circuit Court of Appeal. *Id*. at 17-35. In denying relief, the court stated,

> There has been no evidence presented to show that these defense attorneys were ineffective for failing to raise the intoxication defense. They filed a motion to suppress his statement. It was denied. His statement was admissible as evidence. He talked about how intoxicated he was, or alleged he was. So the jury had this information before them...there's absolutely nothing to show that it was not a strategic decision on part of the Defense Counsel to not raise that as a defense.

*Id*. at 26.

Thereafter, Withers filed various motions seeking production of the transcript from the December 29, 2005, evidentiary hearing. *Id.* at 71-73. Relief was ultimately granted by the Third Circuit Court of Appeal on August 14, 2007, and the Fourteenth Judicial District Court on September 21, 2007. *Id*. at 69, 74. On June 20, 2008, the Louisiana Supreme Court ordered the trial court to produce the transcript if it had not done so already. *Id.* at 76. Another request for records filed by Withers with the Fourteenth Judicial District Court was denied as repetitive on October 5, 2008. *Id.* at 77. On or about December 19, 2008, Withers filed a request for public records which was denied by the Fourteenth Judicial District Court on January 26, 2009. *Id*. at 88-90. Withers filed yet another motion for production of documents on March 12, 2010. *Id.* at 92-96. The Fourteenth Judicial District Court denied the motion as repetitive on March 18, 2010, noting that "the record reflects that a similar motion was granted by this court on November 24, 2008 and that requested documents were sent via certified mail by the court report on April 2, 2009." *Id.* at 91.

It appears that the next filing by Withers was a 2013 petition for *habeas corpus* filed in the Twentieth Judicial District Court, 13-WCR-183, in West Feliciana Parish. Doc. 1, att. 1, p. 1. Therein, he argued that the verdict was non-responsive and that the trial court lacked jurisdiction. Doc. 6, p. 6, 7. Withers states that the Twentieth Judicial District Court rendered judgment on or about April 22, 2013, wherein it "denied adjudicating and ruling on the merits of the claims raised in the *Habeas* petition stating that it was an Application for Post-Conviction Relief". Doc. 12, att. 1, p. 97; doc. 1, att. 1, p. 6. On July 17, 2013, Withers appealed the denial to the First Circuit Court of Appeal, said court denying same on October 7, 2013. Doc. 12, att. 1, p. 99. The Louisiana Supreme Court denied his application for supervisory and/or remedial writs on May 30, 2014. *Id.* at 101; *State ex rel. Withers v. State*, 140 So.3d 1171 (La. 2014).

On July 14, 2014, Withers filed the instant application for writ of *habeas corpus* with this court claiming that the verdict in his underlying criminal trial was not responsive to the amended bill of indictment. Doc. 1, p. 13. He claims that he is not attacking the conviction and sentence but rather his incarceration. In support, he contends that his original custody within the Fourteenth Judicial District Court was lawful but that the court lost jurisdiction over him when the indictment was amended, rendering his custody unlawful. *Id*. at 14. Withers states that, once the indictment was amended to manslaughter, he could not be tried and convicted for second degree murder and that the second degree murder trial was a nullity. *Id*. at 9, 11. He further contends that the Twentieth Judicial District Court unlawfully declined to exercise subject matter jurisdiction over his properly filed writ of *habeas corpus* by mischaracterizing it as an application for post-conviction relief, and that the First Circuit Court of Appeal and the Louisiana Supreme Court erroneously denied relief. *Id*. at 11, 12.

As relief for the above, Withers asks this court to reverse the judgments of the First Circuit and the Louisiana Supreme Court, and to remand this matter to the Twentieth Judicial District Court for adjudication. *Id*. at 19.

## II.
### LAW AND ANALYSIS

#### A. *Timeliness under § 2244(d)(1)(A)*

This petition was filed after the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). Therefore, the court must apply the timeliness provisions of the AEDPA. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 1999).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the AEDPA to provide a one-year period of limitations for the filing of applications for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on

which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A).

However, § 2244(d)(2) provides that "The time during which a properly filed application for State post-conviction relief or other collateral review … is pending in state court shall not be counted toward any period of limitation under this section." *See also Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999). Any lapse of time before the proper filing of an application for post-conviction relief in state court is however counted against the one-year limitation period. *Villegas,* 184 F.3d at 472, (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir. 1998)). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326, 329 (5th Cir. 1999).

### 1. *Finality of Judgment*

Withers' judgment of conviction became final on or about April 4, 2002, when the ninety-day period for seeking further direct review in the United States Supreme Court expired. 28 U.S.C. § 2244(d)(1)(A). Since his judgment of conviction became final for AEDPA purposes, he had one year, or until April 4, 2003, to file his federal *habeas corpus* suit.

### 2. *Statutory Tolling Pursuant to 28 U.S.C. §2244(d)(2)*

Section 2244(d)(2) provides that the period during which a properly filed state *habeas* application is pending must be excluded when calculating the one-year period. Withers claims to have filed his application for post-conviction relief on August 16, 2002. Thus, four months of the one-year period of limitation passed before the limitations period was tolled. Ultimately, the Third Circuit Court of Appeal remanded Withers' post-conviction application to the Fourteenth Judicial District Court. That court denied relief on December 29, 2005. Thus, Withers' application for post-conviction relief stayed pending until March 29, 2006, when the delays for seeking review

with the Third Circuit Court of Appeal expired. At that time, tolling ceased and limitations commenced and a period of over eight years elapsed, untolled, before Withers filed his federal *habeas* petition on July 14, 2014.

To the extent that Withers might assert that his numerous and often repetitive motions for production of documents continued to toll the limitations period, such argument is without merit. The Supreme Court foreclosed this argument in *Wall v. Kholi* when it reasoned: "A motion to reduce sentence is unlike a motion for post-conviction discovery or a motion for appointment of counsel, which generally are not direct requests for judicial review of a judgment and do not provide a state court with authority to order relief from a judgment." 562 U.S. 545, 556 n. 4 (2011). Accordingly, such a motion is not sufficient to toll the AEDPA's one-year statute of limitations. *See Banks v. Cain*, 2014 WL 2808598, (M.D. La. June 19, 2014).

Even if this court were to give Withers the benefit of tolling during the pendency of all of his various motions for production, his federal *habeas* petition would still be untimely. As detailed above, March 18, 2010, is the last date that a state court ruled on one of his discovery motions. Assuming, arguendo, that the limitations period was tolled until that time, over four years elapsed untolled before Withers filed his federal *habeas* petition on July 14, 2014. The court also notes that over three years passed untolled from March 18, 2010, until Withers' 2013 petition for *habeas corpus* was filed in the Twentieth Judicial District Court in West Feliciana Parish.

### B. Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting

his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Withers does not allege any facts that support a finding of equitable tolling. He has not alleged that he was actively misled nor has he alleged that he was prevented in some extraordinary way from asserting his rights. Equitable tolling does not apply.

### III.
#### CONCLUSION

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d)(1)(A).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

**conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).** Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 1st day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE